UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-00339-MOC-DLH

| | | |
|---|---|---|
| **BETHEL MISSIONARY BAPTIST CHURCH OF HAYWOOD COUNTY**, | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER |
| **SOUTHERN MUTUAL CHURCH INSURANCE COMPANY**, | ) ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court on the following pending motions. From plaintiff, there is the Motion for Partial Summary Judgment (#29). From defendant, there is the Motion for Summary Judgment (#30). Having considered each motion and reviewed the pleadings, the Court enters the following Order.

**I.     Summary Judgment Standard**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the

absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. That party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Instead, that party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995). When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). Any question as to the meaning of the language used in a policy is a question of law for the court to resolve. Guyther v. Nationwide Mut. Fire Ins., 109 N.C. App. 506, 512 (1993).

## II.    Plaintiff's Motion for Partial Summary Judgment

Plaintiff Church seeks partial summary judgment on its claims for unfair and deceptive trade practices, unfair trade practices, and bad faith. It claims Insurer denied Church's claim without following up on its initial investigation, without addressing all possible areas of coverage, and without knowing the applicable law. Specifically, Church alleges Insurer denied Church's claim without knowing North Carolina law on concurrent causation or partial collapse.

Church argues Insurer violated the Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C.G.S. §§ 75-1.1 *et seq.* by intentionally avoiding knowledge of the law and making repeated misrepresentations about the coverage based on an indifference to the law. Church maintains Insurer is tasked with knowing the law applying to its products and that Insurer wantonly denied claims and unfairly processed claims based on an intentional disregard for the law and a conscious disregard for insureds.

Church also claims Insurer has committed violations under N.C.G.S. §§ 58-63-1 *et seq.*, which provides the state with means to regulate insurance and deal with unfair and deceptive practices. Violations of N.C.G.S. §§ 58-63-15(11) support a violation of the UDTPA. See Gray v. North Carolina Ins. Underwriting Ass'n, 352 N.C. 61, 68–71 (2000). If Church can prove that Insurer acted in a way that violated § 58–63–15(11), and that it suffered an actual injury proximately caused by that violation, then Church will be able to establish his UDTPA claim and thereby may seek treble damages arising from the alleged UDTPA violation. Guessford v. Pennsylvania Nat. Mut. Cas. Ins. Co., 983 F. Supp. 2d 652, 660 (M.D.N.C. 2013) (citing Gray, 352 N.C. at 74–75).

Finally, Church argues it is entitled to summary judgment on its bad faith claim because its insurance claim was valid and Insurer's refusal to pay or if make a proper investigation supports a finding of bad faith. In order to recover punitive damages for the tort of an insurance company's bad faith refusal to settle, plaintiffs must prove: (1) a refusal to pay after recognition of a valid claim; (2) bad faith; and (3) aggravating or outrageous conduct. Guessford, 983 F. Supp. at 671–72 (citing Lovell v. Nationwide Mut. Ins. Co., 108 N.C. App. 416, 420 (1993), aff'd, 334 N.C. 682 (1993)). In this context, bad faith means "not based on honest disagreement or innocent mistake."

Lovell, 108 N.C. App. at 421. The third element, aggravating or outrageous conduct, may be shown by "fraud, malice, gross negligence, insult, rudeness, oppression, or wanton and reckless disregard of plaintiff's rights." Id. at 422.

For the reasons stated at the January 4, 2019 hearing and in the Insurer's Response, the Court finds Church has not met its burden of showing show that there is no genuine issue as to any material fact and that it is entitled to a judgment on each of these claims as a matter of law. Fed. R. Civ. P. 56(c). The Court will, therefore, deny plaintiff's Motion for Partial Summary Judgment (#29).

### III. Defendant's Motion for Summary Judgment

Defendant Insurer seeks summary judgment on all of Church's claims. It argues Insurer is entitled to judgment on Church's claim for breach of contract because Insurer's policy of insurance does not provide coverage for Church's reported damages and, as such, Insurer's denial was proper. Insurer also argues it is entitled to judgment on Church's claim for unfair and deceptive trade practices, unfair claims settlement practices, bad faith, and punitive damages because Insurer acted reasonably and in good faith in investigating Church's claim and properly denying a claim that was not covered by the terms and conditions of the policy. Insurer claims Church has come forward with no evidence that Insurer engaged in any activities in connection with Church's claim that would support any claim for unfair claims settlement practices, unfair and deceptive trade practice, bad faith, or punitive damages.

Apart from plaintiffs' punitive and treble damages claims, the Court finds that Insurer has not met its burden of showing show that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). As for defendant's motion

for summary judgment on plaintiff's punitive and treble damages claim, the Court finds that defendant has met its burden and will dismiss plaintiff's exemplary damages claims. Exemplary damages are not to be used as a loaded gun. While they are appropriate in some contexts, plaintiff has not provided sufficient evidence of defendant's blatant bad faith in investigating and denying its claims to elevate this to a treble damages case. The Court will, therefore, allow the release of plaintiff's punitive and treble damages claims. Church is foreclosed from seeking punitive or treble damages.

For the reasons stated at the January 4, 2019 hearing, Insurer's Motion for Summary Judgment (#30) will be denied in part on the claims for breach of contract, unfair and deceptive trade practices, unfair claims settlement practices, and bad faith, and granted as to the release of the punitive and treble damages claims.

**ORDER**

**IT IS, THEREFORE, ORDERED** that that:

1. Plaintiff's Motion for Partial Summary Judgment (#29) is **DENIED**; and
2. Defendants' Motion for Summary Judgment (#30) is **DENIED** as to the claims for breach of contract, unfair and deceptive trade practices, unfair claims settlement practices, and bad faith, and **GRANTED** as to the release of the punitive and treble damages claim.

Signed: February 15, 2019

Max O. Cogburn Jr.
United States District Judge